## HENNEQUIN *et al. v.* NAYLOR.

Though the omission of a purchaser of goods for credit to disclose his insolvency is not necessarily fraudulent, yet if the purchase be made with a preconceived design not to pay it is a fraud.

Such design may be inferred by the jury from the circumstances and conduct of the vendee, not only in respect to the sale in question but in other contemporaneous transactions.

APPEAL from a judgment of the New York Common Pleas at general term, affirming a judgment at special term, entered upon the verdict of a jury, in an action for the possession of personal property.

The facts were these: The plaintiffs, who were wholesale dealers in New York on the 4th of April, 1854, sold the firm of Kerr & Adams a bill of goods on credit, amounting to $766 ; on the 14th of the same month, Kerr & Co. failed and assigned their goods, including those bought of the plaintiffs, to the defendant for the benefit of creditors: on the 15th the goods were demanded of the defendant who refused to deliver them: and on the 18th this action was commenced, the goods being taken but subsequently re-delivered to the defendant on his giving the usual bond. It further appeared that on the 16th January, preceding, the said Kerr & Co. placed a mortgage upon their stock of goods to secure a debt of $15,000, due to the defendant: also, that said Kerr & Co. purchased a bill of goods of another creditor on the 24th of March, and two bills on the 4th of April, 1854, amounting in all to over $2,000 on a credit of four months. It also appeared that the said Kerr & Co., as well as the defendant, knew they were insolvent: that the defendant had been obliged to stop at their store every morning for a long while before their assignment to see how much money they needed to make up their bank account for the day. Their debts were shown to be $65,000, and their assets about $40,000. No notice was given the

plaintiffs by Kerr & Co. at the time of the purchase, of the existence of the $15,000 chattel mortgage on their property.

At the close of the plaintiffs' case the defendant moved to dismiss the complaint on the ground: 1. That the plaintiffs had not proved that any false representations or means were used by Kerr & Co. to induce the plaintiffs to sell them the goods in suit: that the mere insolvency of Kerr & Co., though well known to them at the time, would not avoid the sale or enable the plaintiffs to maintain this action. 2. That there was no relation of special trust or confidence between the plaintiffs and Kerr & Co., which imposed upon the latter the legal obligation to disclose their pecuniary circumstances to the plaintiffs, or which made their purchase fraudulent in consequence of their omission to do so. The court denied the motion, and the defendant excepted.

In submitting the cause to the jury, the court, among other things, said: " If you are satisfied that Kerr & Adams purchased the goods with an intent not to pay for them and to defraud, the plaintiffs must have a verdict," to which the defendant duly excepted. The plaintiffs had a. verdict for the value of the goods, and the defendant appealed.

*P. T. Woodbury,* for the appellant.

*John H. Reynolds,* for the respondents.

JAMES, J. If the judge was correct in his refusal to dismiss the complaint when requested, he was surely right in his charge to the jury. The whole case turns upon the question whether there was evidence sufficient to be submitted to the jury upon the question of fraudulent intent. It was settled by this court in the case of *Nichols* v. *Pinner* (18 N.Y., 300, and 23 N. Y., 264), that the mere omission of a purchaser of goods for credit to disclose his insolvency to the vendee was not such a fraud as would avoid the sale: that when no inquiries are made and the vendee makes no false statements, nor resorts to any artifice to mislead the vendor, he may remain silent as to

Hennequin *v.* Naylor.

his pecuniary condition without being guilty of fraud. In this view of the case, Kerr & Co. were not proven guilty of any fraudulent act.

It is, however, equally well settled that if a vendee obtain goods upon credit with a preconceived design not to pay for them, such act is fraudulent, and the defrauded party may, on discovering the fraud, repudiate the sale and reclaim the property. In fact, any dishonest intention executed, which produces injury or loss to another, is a fraud.

To establish this fraudulent intent, the plaintiffs proved the insolvency of the vendees at the time of their purchase of the goods in suit: their failure and assignment ten days afterwards: their full knowledge of their insolvency for a long time before their failure: that they were only kept from stopping payment by the daily aid of the defendant; that the assignors on the same day that they purchased from the plaintiffs, also purchased on a credit of four months two other bills of goods, amounting to over $2,000: and that there was a chattel mortgage on their goods to the defendant, which enabled him to close their business at any moment he saw fit. No explanation of these facts was offered by the defendant.

I accede to the proposition of the counsel for the defendant, that fraud must be proved. It can never be presumed, in the absence of all evidence on the subject. Nevertheless, the motive with which an act is done may be, and often is, ascertained and determined by inferences drawn from the proof of facts and circumstances connected with the transaction and the parties to it. KENT says: "a deduction of fraud may be made not only from deceptive assertions and false representations, but from facts, incidents and circumstances: such even as may be trivial in themselves, but in a given case, often decisive of a fraudulent design." In cases where there is no overt act of fraud, it is often very difficult to prove a dishonest purpose. In all such cases, instead of proving false representations or other fraudulent practices, resort is had to various incidents and circumstances which are calculated to exhibit the hidden purposes of the actor's mind.

So in this case: Kerr & Adams were not guilty of any overt act of fraud in the purchase of the goods sought to be recovered: nor did they make any representations one way or the other as to their pecuniary condition, and hence proof was made of their pecuniary situation, the facts and circumstances connected therewith, and their acts and conduct in relation to their other purchases, and as to this purchase, in order to determine the motive and intent with which it was made. This proof shows Kerr & Adams, at the date of the purchase, badly insolvent: that such fact was well known to themselves: that there was a chattel mortgage of $15,000 on their stock of goods to the defendant, whereby their business could have been closed at any moment: that they had been helped by the defendant, the preferred creditor in the assignment, from day to day, for some time past, to keep them from failure: that they purchased of several persons large bills of goods, the plaintiffs among the rest, just on the eve of suspension: and their final suspension and assignment, transferring the goods thus bought, to the assignee. These facts, in the absence of any explanatory proof, were sufficient to carry the case to the jury and fully justified the court in its refusal to dismiss the complaint.

The charge of the court was entirely unexceptionable. The evidence being sufficient to carry the case to the jury, it was proper to instruct them that if they were satisfied the goods were purchased without any intent to pay for them, but with an intent to defraud the plaintiffs, their verdict should be for the plaintiffs.

All the judges concurring,

Judgment affirmed.