EPHRAIM H. FISH AND JOHN L. LENT, APPELLANTS, *v.* WILLOUGHBY PAYNE, RESPONDENT.

*Fraud — Insolvent — purchase of goods by, on credit — does not establish fraud.*

Proof that a man is insolvent and knows of his insolvency at the time he makes a purchase of goods is not of itself, and without additional evidence of an intent to defraud, sufficient to establish fraud.

APPEAL by plaintiff from a judgment of the County Court reversing a judgment in favor of plaintiffs, rendered in a Justice's Court.

The action was brought by the plaintiffs to recover damages against the defendant for wrongfully and fraudulently obtaining goods of the value of sixty-one dollars and forty-one cents, with the fraudulent intent and preconceived design not to pay the plaintiffs for the same, and with the wrongful intent to cheat and defraud the plaintiffs of the same, and the value thereof. The plaintiffs had judgment in Justice's Court for the value of the goods, and costs.

*S. G. Barrows,* for the appellants.

*Charles H. Searle,* for the respondent.

NOXON, J.:

Upon the trial before the justice it was proved that the plaintiffs were partners, engaged in selling goods at Utica, in 1873 and 1874; that the defendant in those years was engaged in the business of selling goods as a peddler, with a horse and wagon, and that during that time he purchased goods of the plaintiffs and others, and that prior to the 15th September, 1874, he had purchased of the plaintiffs from time to time, in several bills, goods to the amount of $700 or $800, upon a credit of thirty days, and which said bills were paid in full. That in the months of September and October, 1874, he purchased other goods of the plaintiffs to the amount of sixty-one dollars and forty-one cents upon the same credit, and

at the time of such purchase was insolvent, and the fact of such insolvency, although known by defendant, was not disclosed by him to the plaintiffs. The justice held that the defendant was guilty of fraud by reason of his failure to disclose his circumstances at the time he made the purchase, taken in connection with the trade he had with plaintiffs for a year and one-half, and upon this ground gave plaintiffs judgment. This was error, and unless additional evidence was given to show an intent to defraud, the judgment could not be sustained, and was properly reversed by the County Court. (*Nichols* v. *Pinner*, 18 N. Y., 295; *Nichols* v. *Michael*, 23 id., 264; *Hennequin* v. *Naylor*, 24 N. Y., 139; *Byrd* v. *Hall*, 2 Keyes, 646.) The justice, in his opinion and decision, held that there was no preconceived design by the defendant not to pay plaintiffs, but that he intended to pay, and would have paid if he had the ability. Upon an examination of the whole evidence as it appears, no proof was given tending to show that the defendant intended to commit a fraud, or avoid paying for the goods he had purchased. It was not fraudulent in the defendant, although he was embarrassed, to make every effort he could to relieve himself from his embarrassment. Instead of preconceiving a design to defraud or cheat (which nowhere appears in the testimony), his purchase appears to have been made in the ordinary business way; he had dealt with the plaintiffs for a year and over, and no circumstance is disclosed tending to prove that he did not intend to pay at the time he purchased, as he had uniformly paid on the purchase of other bills. There was, therefore, no fraud committed by the defendant, and the judgment of the justice should have been for the defendant.

The grounds upon which the appeal to the County Court were founded were sufficient.

The judgment of the justice was correctly reversed by the County Court, and the judgment of the County Court should be affirmed with costs.

MULLIN, P. J., and SMITH, J., concurred.

Judgment of County Court affirmed with costs.