JOHN MULLIKEN & CO. vs. THOMAS MILLAR et al.

A., through his agent B., purchased certain merchandise on credit and the day after its delivery made for the benefit of his creditors a general assignment to T. A.'s liabilities were large and his assets small. The seller after demand on T. brought trover for the merchandise.

*Held*, that it was not necessary for the plaintiff to show a particular intent on the part of A. to defraud in the particular transaction in question.

*Held*, further, that it was sufficient for the plaintiff to satisfy the jury of a general intent on the part of A. to defraud by continuing to purchase on credit after he had become hopelessly insolvent.

*Held*, further, that the intervention of the agent was immaterial.

DEFENDANTS' petition for a new trial.

*March* 1, 1879. DURFEE, C. J. This is a petition for the new trial of an action of trover for the conversion of a quantity of oil purchased of the plaintiff in the name of the defendant Millar, and subsequently assigned by Millar to the defendant Taft. Millar was at the time of the purchase in the shoddy and waste business in Providence, R. I. He had a shoddy mill, which was under the superintendence of one John Loomis, who had authority to purchase supplies for the mill on his, Millar's, account, and who purchased the oil in question under this authority. There is no evidence that Millar had any particular knowledge of the purchase until after it was consummated. The order for the oil was sent to the plaintiff, who was doing business in Boston, December 6, 1876 ; the oil was sent by railroad to Providence, December 9, and was delivered December 11, in the afternoon. The next day, December 12, 1876, Millar made a general assignment to Taft for the benefit of his creditors. Testimony was submitted to show that the value of the property assigned did not exceed $800, and that Millar's liabilities, at the time of the assignment, were between $15,000 and $20,000. The plaintiff, soon after learning of the assignment, elected to disaffirm the sale, and demanded of Taft a return of the oil on the ground that it was obtained by fraud. The oil was never returned. On trial to the jury the plaintiff claimed, on the aforesaid and other testimony, that the defendants were liable to him for the value of the oil in the present action.

The counsel for the defendants requested the court to charge the jury that they could not find the defendant Millar guilty, unless they found an actual intent on the part of Millar person-

ally to commit the specific fraud complained of upon the plaintiff.

The court refused to charge as requested. The jury found a verdict against both the defendants. This petition is preferred by the defendants principally upon the ground of error in the refusal to charge as aforesaid.

The request, as we understand it, was in effect a request for the court to instruct the jury that it was not enough for the plaintiff to prove a general intention on the part of the defendant Millar to defraud by continuing to purchase on credit after he had become hopelessly insolvent, but that it was further incumbent on him to prove that Millar had an actual intent to defraud the plaintiff in particular by purchasing the oil in question. Under such instructions a verdict for the plaintiff would have been impossible; for Millar could not have had such an intent unless he knew his agent was going to make, and knowing, permitted his agent to make, the particular purchase, and there was no evidence that he knew it.

The counsel for the defendants referred to no authority which supports his position. We do not think the position can be supported. It may be that Millar, having become hopelessly insolvent, had made up his mind to go on making purchases as usual, intending not to pay for them, but to accumulate assets for his assignment. If, with such mind and intention, Millar had personally bought the oil, there can be no doubt that the plaintiff would have had the right to disaffirm the sale for fraud and reclaim the property. The transaction would have clearly involved a preconceived design to purchase and not pay, which has been repeatedly decided to be fraudulent. Benjamin on Sales, § 440, note; *Stewart* v. *Emerson*, 52 N. H. 301; *Lupin* v. *Marie*, 6 Wend. 77; *Ferguson* v. *Carrington*, 9 B. & C. 59; *Load* v. *Green*, 15 M. & W. 216. And can it be held that it was any less a fraud for Millar to allow his agent to go on making the purchases, simply because he did not know what particular purchases the agent was going to make or of what particular person the agent was going to make them, although he knew generally that it was in the usual course of the business for the agent to make such purchases? We think not. The dishonest mind and purpose would exist in both transactions, being merely more di-

rect and specific in the one than in the other, and any definition of fraud which should not include both would leave a wide margin for the operations of the fraudulent.

The defendants also ask for a new trial on the ground that the verdict is against the evidence. An examination of the evidence provokes some doubt whether any wrong was committed by Millar other than that he went on with his business, hoping against hope for better times, until long after his affairs had become utterly desperate ; conduct which, it has been decided, does not in and of itself amount to a fraud. *Biggs* v. *Barry*, 2 Curt. 259 ; *Mitchell* v. *Worden*, 20 Barb. S. C. 253 ; *Cross* v. *Peters*, 1 Me. 376 ; *Nichols* v. *Pinner*, 18 N. Y. 295 ; *Redington* v. *Roberts*, 25 Vt. 686, 694 ; *Garbutt* v. *The Bank of Prairie du Chien*, 22 Wis. 384 ; *Hennequin* v. *Taylor*, 24 N. Y. 139 ; *Rowley* v. *Bigelow*, 12 Pick. 307 ; Benjamin on Sales, § 440, note. The defendants, however, do not claim, and we do not mean to intimate, that the verdict ought to be set aside for an insufficiency of evidence in this respect. What the defendants do claim is, that the evidence does not show that the oil ever passed into the possession of the defendant Taft under the assignment. The testimony on this point is contradictory, and we do not think that the weight of the evidence is so clearly against the verdict that it ought to be disturbed.

A new trial will therefore be denied and judgment entered for the plaintiff on the verdict. *Petition dismissed.*