Belding Bros. v. Frankland.

8L 67
2pi 21
2pi 675

## Belding Bros. & Co. *v.* J. Frankland, Trustee.

1. ASSIGNMENT. *Rule of construction.* It is a rule of construction, that where a general clause in an instrument of conveyance is followed by special words in accord therewith, the grant will be limited to the specification; and, therefore, a conveyance " of all property of every description, the same being embraced in a schedule annexed," will only pass the property mentioned in the schedule.

2. SAME. *Act of* 1881, *ch.* 121. If such omitted property be held to pass by virtue of the act of 1881, ch. 121, sec. 4, which provides: " That the trustee or assignee [under a general assignment for the benefit of creditors], shall be entitled to any other property of the debtor not embraced in the assignment," it will be by operation of law, not by the instrument.

3. VENDOR AND VENDEE. *Vendor may disaffirm sale. When.* If a person purchase goods with the fraudulent intention of not paying for them, the vendor may, by prompt action, disaffim the sale, although the goods be delivered, and revest the property in him, and he may equally do so as against an assignee by operation of law.

4. SAME. *Mere insolvency of vendee not sufficient to avoid sale. Fraudulent intent may be inferred. When.* Mere insolvency will not suffice to avoid the sale, but the fraudulent intent may be inferred from the facts and circumstances, full knowledge by the purchaser of his insolvency being always a controlling element.

5. SAME. *When property will revest in vendor.  Assignee.*  The hopeless insolvency of the purchaser at the time, coupled with the refusal on his part to treat the property as his, and the expressed wish to restore the property to the vendor, will revest the property in the vendor against an assignee by operation of law.

### FROM DAVIDSON.

Appeal from the Circuit Court of Davidson county. FRANK T. REID, J.

W. R. McNEILY for Belding Bro. & Co.

SMITH & ALLISON for Frankland.

COOPER, J., delivered the opinion of the court.

An agreed case to test the question whether the vendor or the assignee of the vendee, under a general assignment for the benefit of creditors, has the better title to certain goods.  The trial judge found in favor of the defendant, the assignee, and the plaintiffs appealed.

On November 3, 1881, B. Levison & Bro., merchants at Nashville, ordered goods from Belding Bros. & Co. at Cincinnati, to the value of $153.  The goods were shipped from Cincinnati on November 4, 1881. On the 7th of the same month, Levison & Bro. made an assignment of their stock to J. Frankland as trustee for the benefit of all their creditors.  The assignment conveys "all of our property of every description, the same being embraced in a schedule herewith annexed, and made a part of this conveyance."  The goods in controversy were not mentioned in the sched-

ule, nor were Belding Bros. & Co. named in the schedule of creditors attached to the assignment. There is a provision in the assignment that any creditor of the assigning firm shall share in the benefits of the conveyance although omitted from the schedule. The trustee, upon the execution and registration of the assignment, immediately took possession of the effects conveyed, and began to execute the trust, but the goods of Belding Bros. & Co. had not then reached Nashville. Afterwards, the goods arrived and were delivered by the carrier to the drayman, who had been, previous to the assignment, employed by Levison & Bro., with authority to receive and receipt for goods consigned to the firm. This authority had not been revoked, and no special authority had been conferred upon him after the execution and registration of the assignment. The drayman receipted for the goods in his own name, and delivered them to the trustee. After the goods were received by the trustee, Levison & Bro. expressed to him the desire that, as they had not been paid for, they should be shipped back to Belding Bros. & Co. The trustee, acting under legal advice, took charge of the goods, claiming them as part of the assets of Levison & Bro., but kept the proceeds of their sale separate from the other assets, in order to prevent complication in the event of litigation. On November 12, 1881, Belding Bros. & Co., after the goods had been received by the trustee, wrote to their attorney at Nashville to stop the goods in transit, and, if they had been delivered after the execution of the assignment; to take charge of them.

The schedules to the assignment, made a part of the agreed case, show assets to the amount of about $13,-700, and liabilities to about $33,000.

It is a recognized rule of construction that where a general clause in an instrument of conveyance is followed by special words in accord therewith, the grant will be limited to the special matter. And, therefore, by a conveyance of all property of every description, the same being embraced in a schedule annexed, only the property in the schedule will pass: *Wood* v. *Rawcliffe,* 5 Eng. L. & Eq., 471; *Wilkes* v. *Ferris,* 5 Johns., 335; *Rundlett* v. *Dole,* 10 N. H., 458; *Mims* v. *Armstrong,* , 31 Md., 87; *Driscoll* v. *Fiske,* 21 Pick., 503. By a recent act of the Legislature, which undertakes to regulate general assignments by debtors for the benefit of creditors, it is provided: "That the trustee or assignee shall be entitled to any other property of the debtor not embraced in the assignment, and not exempt from execution": Act of 1881, ch. 121, sec. 4. If the property be not embraced in the assignment, it is obvious that it cannot pass to the assignee by virtue of the instrument. Certainly as to real estate, the title to which must be conveyed by instrument in writing containing a sufficient description to identify it, and the conveyance of which must be registered to be good against creditors and *bona fide* purchasers for value, there will be some difficulty in carrying out the legislative intent disclosed by the act. There will be less difficulty as to personalty, where neither writing nor registration is essential, for the statute may be treated as in the nature

of a bankrupt or insolvent law. In that view, the assignment would be an act of bankruptcy, and the title to the property would pass by operation of law. The argument submitted makes no objection to the efficiency of the act to this extent, but takes it for granted. We shall act upon the concession in this case, without deciding the question.

It is now well settled both in England and America that if a person purchase goods with the fraudulent intention of not paying for them, the vendor may disaffirm the sale, although the goods be delivered, and revest the property in him, and recover them by action against the vendee: *Load* v. *Green*, 15 M. & W., 216; *Stewart* v. *Emerson*, 52 N. H., 201; *Kline* v. *Baker*, 99 Mass., 253; *Cary* v. *Hotailing*, 1 Hill, 311. The mere insolvency of the purchaser, without more, will not suffice to avoid the sale: *Ex parte Whittaker*, L. R. 10 Ch. App., 446; *Nichols* v. *Pinner*, 18 N. Y., 300; *Rowley* v. *Bigelow*, 12 Pick., 307. Yet the fraudulent intent may be deduced from the facts and circumstances without any actual representations, full knowledge by the purchaser of his insolvency being always a controlling element: *Hennequin* v. *Nayler*, 24 N. Y., 139; *Thompson* v. *Rose*, 16 Conn., 71; *Talcott* v. *Hederson*, 31 Ohio, 162. If the vendor may recover possession of the goods against the vendee, he has the same right against an assignee under a voluntary assignment for the benefit of creditors, who stand in the shoes of the assignor: *Nichols* v. *Michael*, 23 N. Y., 264. The rule is general, in the absence of a statute or fixed statutory policy to the contrary, that

a title or equity good against a party will be equally good against an assignee under a voluntary assignment to secure pre-existing debts: *Petigrew* v. *Turner*, 6 Hum., 440; *Brown* v. *Vanlier*, 7 Hum., 239; *Fawell* v. *Heelis*, Amb., 726; *Haggerty* v. *Palmer*, 6 John. Ch., 437; *Keeler* v. *Field*, 1 Paige, 312; *Harding* v. *Metz*, 1 Tenn. Ch., 610. And, *a fortiori*, against an assignee by operation of law, as an assignee in bankruptcy, who, it has been held by the very highest authority, in precisely this class of cases, takes only the defeasible title of the bankrupt purchaser, and must yield to the vendor upon a prompt disaffirmance by him of the contract: *Donaldson* v. *Farwell*, 93 U. S., 631. The latest decision on this subject holds that while silence is not fraud, concealment of insolvency, with no reasonable expectation of paying, renders a sale fraudulent, and the vendor is entitled to recover the property from the vendee's voluntary assignee: *Davis* v. *Stewart*, 8 Fed. Rep. —, an abstract of which is given in 24 Alb. L. J., 515. And it seems to have been held that the receipt of goods by an insolvent, with design not to pay for them, would avoid the sale, although he had no such design when he ordered them: *Pike* v. *Wieting*, 49 Barb., 314.

In the case before us, the facts disclosed leave no doubt that Levison & Bro. were utterly insolvent at the time of their purchase of the goods from Belding Bros. & Co., and must have known the fact, their assignment having been made only three days after the shipment of the goods. They did not include the goods in their assignment to the defendant, nor mention the

plaintiffs in their schedule of liabilities, and, as soon as they learned that the goods had been received by the defendant they desired him to ship them back to the plaintiffs. There is, therefore, in this case knowledge of insolvency by the purchasers at the time of the purchase, concealment of the fact, actual insolvency before a receipt of the goods, and a refusal of the purchasers to recognize the goods as belonging to them. If the suit was against the purchasers there would be no doubt of the right of the plaintiffs to recover the property. The defendant has only title by operation of law, if he has title at all, and stands in the shoes of his assignors.

It appears from the opinion of the trial judge, which is in writing and filed with the record, and the fact is conceded in the arguments of the counsel, that this view of the case was not presented to the judge, nor considered by him. His opinion rested entirely upon the ground that the title to the goods vested in the purchasers by the delivery to the carrier, and passed by virtue of the act of 1881 to the defendant.

Reverse the judgment, and enter judgment here in favor of the plaintiffs in accordance with the agreement of the parties.