ALICE M. MORRIS AND HENRY N. VEDDER, RESPONDENTS, *v.* JAMES C. TALCOTT, APPELLANT.

*Fraudulent representation and concealment — when an order of arrest may be granted for.*

In April, 1882, the defendant in order to induce the plaintiffs to take his note without any indorser, upon the settlement of an account they had against him, represented himself to be good and solvent. The plaintiffs relying upon this representation took the note. In September following they again commenced to sell him goods, and continued so to do until December 9, 1882, when they became satisfied that the statement made by him the preceding April was not true, and declined to give him further credit. Soon after he made a general assignment for the benefit of his creditors. At the time in April when the defendant made the statement he was indebted to his father in the sum of about $13,000; and in September he was indebted, according to his books, over and above his assets, in the sum of $2,200 beyond the amount owing to his father.

In an action by the plaintiffs to recover the price of the goods so sold and delivered:

*Held,* that the defendant was properly arrested on the ground that he had procured the goods upon false and fraudulent representations, and by a fraudulent concealment of his insolvent condition.

APPEAL from an order made at a Special Term denying a motion to vacate an order of arrest.

The action was brought to recover the price of goods which the plaintiffs had been induced to sell and deliver to the defendant by means of his false and fraudulent representations.

*Benjamin W. Downing*, for the appellant.

*Charles W. Dayton*, for the respondents.

DANIELS, J.:

The motion was made upon the affidavits on which the order had been issued. These affidavits established the facts that in April, 1882, the defendant represented himself to be good and solvent. This representation was made to induce the plaintiffs to take his note upon the settlement of an account they had against him, without an indorser, and it had that effect. In the early part of the following September he again commenced dealing with the firm, which then sold him goods from time to time until the 9th of December, 1882, when they became satisfied that the preceding statement of his financial condition was not true and declined to give him further credit and he soon afterwards made an assignment for the benefit of his creditors. At the time when the representation was made he was indebted to his father in the sum of about $13,000; and in September, according to his books, he was indebted, over and above his assets, in the sum of $2,200 beyond the amount owing to his father.

He does not appear to have been subjected to any losses affecting his ability to go on with his business; but the plain inference from the facts is, that it was caused by his insolvency, existing from the time when the representation was made down to the time of his assignment. It is only reasonable to presume, as he must have known what his indebtedness was, and could not possibly have overlooked his large liability to his father, that he knew when he represented that he was perfectly good and solvent that such was not the truth. This representation was fraudulent, and it was because of the conviction produced by it that he was able to, and did in fact, obtain the goods, for the recovery of the price of which the action has been brought.

At the time when he obtained these goods he does not appear to have had the least reason for supposing that he would be able to continue his business and pay the debt incurred in their purchase. It must have been, on the contrary, evident to himself, from the fact that his books in September showed that he owed about $2,200 over his assets, and the further sum of $13,000 to his father, that he could not continue his business. And the presumption therefore is, from these facts and the assignment afterwards made by him, that he obtained the goods without intending or expecting that they would be paid for, and that, in judgment of law, itself was a fraud upon these creditors. So, too, it was also fraudulent for him to conceal his insolvent condition, intending, as he evidently did by that circumstance and the favorable impression produced by his preceding representation, to obtain without paying for it the plaintiff's property. (*Pike* v. *Wieting*, 49 Barb., 314; *Byrd* v. *Hall*, 2 Keyes, 646; *Devoe* v. *Brandt*, 53 N. Y., 462; *Wright* v. *Brown*, 67 N. Y., 1.)

Reliance has been placed upon what was said in one of the opinions in the last case to support the appeal, but the views so relied upon were not adopted by the court. The court affirmed the existence of the fraud upon evidence no more favorable to the plaintiff than that which has been produced to sustain the present order of arrest. The unreported case of *Talcott* v. *Harris*, decided by this General Term, also sustains the liability of the defendant to arrest.

The order was correctly made, and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.